Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 601 | **DATE** | 9/24/2012 |
| **CASE TITLE** |  | Michael Harris vs. Town of Cicero et al. | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6)" [21] is granted in part and denied in part. Counts IV and V of plaintiff Michael Harris's First Amended Complaint [10] are dismissed. All other counts will stand. The defendants' answer to Counts I, II, and III is due October 8, 2012. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before October 22, 2012. The case is set for status and entry of a scheduling order at 9:00 AM on October 25, 2012. The parties are encouraged to discuss settlement.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Michael Harris is an African-American male who previously served as an employee of the Town of Cicero (the "Town") Police Department. (Dkt. No. 10 ("First Am. Compl.") ¶¶ 6-7.) Harris alleges that on February 1, 2008, the Police Department brought disciplinary charges against him seeking his termination. (*Id.* ¶ 14.) Harris elected to have the charges heard by an independent arbitrator under the collective bargaining agreement between the Town and the Illinois Fraternal Order of Police Labor Council, a union of which Harris was a member. (*Id.* ¶ 15.) The arbitrator ruled in Harris's favor, after which Lori Lelis, the Cicero Superintendent of Police, filed further disciplinary charges seeking to terminate Harris due to his alleged misconduct in applying for disability benefits. (*Id.* ¶¶ 16-17.) Although Harris denied that he committed any misconduct, Larry Dominick, the President of the Town, suspended Harris without pay pending the outcome of the disciplinary proceeding. (*Id.* ¶¶ 18-19.) Thereafter, Harris's employment was terminated. (*Id.* ¶ 25.)

Harris alleges that the defendants are liable for improperly terminating him from his position because of his race and because of his election to have the disciplinary charges heard by the arbitrator. Specifically, Harris claims that all defendants are liable for terminating him on the basis of race under 42 U.S.C. § 1983 (Count II) and 42 U.S.C. § 1981 (Count III), for retaliating against him in violation of his First Amendment rights because he brought the disciplinary charges before a union arbitrator (Count IV), and for retaliating against him in violation of the Illinois Public Labor Relations Act (Count V). Harris also alleges that the Town is liable under Title VII of the Civil Rights Act of 1964 for terminating him on the basis of race (Count I). Currently pending before the court is the defendants' Motion to Dismiss (Dkt. No. 21), which the court grants in part and denies in part.

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement

| STATEMENT |
|---|

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

I.  Count I (Title VII)

The defendants have withdrawn their motion insofar as it relates to Count I (Dkt. No. 26, at 1), so the court need not address the contentions relating to Count I.

II. Counts II and III (§ 1983 & § 1981)

The Town contends that Counts II and III should be dismissed because Harris alleged only that the Town's unlawful discriminatory motive was a "motivating factor" of his termination, and not a "but-for cause," which is a required element of a claim of discrimination under § 1983 and § 1981. *See Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009) ("[U]nless a statute . . . provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law."). As the Town acknowledges, however, the Seventh Circuit recently clarified that showing but-for causation is the plaintiff's burden of proof at trial, and that at the summary judgment stage, the plaintiff need only show that the unlawful discrimination was a motivating factor of any adverse action. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 964-65 (7th Cir. 2012). The Town has cited no cases requiring an allegation at the pleading stage that the defendant's discriminatory motive was a but-for cause. Such a requirement would make no sense, for such statements about causation are legal conclusions, which are not required at the pleading stage. *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir.1999) ("While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all." (citation omitted)). The court thus declines to apply the plaintiff's evidentiary burden of proof at the pleading stage. *Cf. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

III. Counts II, III, and IV Against the Town and the Individual Defendants in Their Official Capacity

Next, the defendants contend that Harris has failed to state a claim against the Town and against the individual defendants in their official capacity in Counts II, III, and IV because he has not made sufficient allegations to support the liability of a municipality under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Under *Monell*, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). One way to do so is to show that the injury was caused by an official who has final policymaking authority for the municipality. *See Jett v.*

*Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Here, Harris has alleged that the adverse employment decisions against him were taken by Dominick and Lelis, and he has alleged that they are the President of the Town of Cicero and the Superintendent of the Cicero Police Department, respectively. (First Am. Compl. ¶¶ 9-10.)

The ultimate determination of whether Dominick and Lelis are final policymakers for the Town "is itself a legal question to be resolved by the trial judge before the case is submitted to the jury," and it is a question that must be resolved on the basis of state and local law. *Jett*, 491 U.S. at 737; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 n.1 (1988). At the motion to dismiss stage, Harris's allegations are sufficient to state a claim, and the defendants have not carried their burden of showing that Dominick and Lelis are not final policymakers for the Town. As the Seventh Circuit has explained:

> The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint. Absent a clear showing by the defendants that Mr. Nicholas was not . . . a "final policymaking authority" . . ., we must conclude that it was error for the district court to dismiss the complaint. On remand, if the defendants elect to renew their motion to dismiss, they must establish that, as a matter of "state and local positive law," or as a matter of " ' "custom or usage" having the force of law,' " neither individual defendant was a final policymaker.

*Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990) (citations omitted). Here, the defendants have not even discussed state or local law, yet alone carried that burden, so their motion to dismiss the claims against the Town and the individual defendants in their official capacity fail.

IV.  Count IV (Retaliation)

The defendants also argue that Count IV's retaliation claim must be dismissed because Harris did not sufficiently allege that his protected speech related to a matter of public concern. A public employee may not be fired for exercising his free speech rights if his speech addressed a matter of public concern and "the government's interest as an employer in providing effective and efficient services outweighs the employee's interest as a citizen in commenting upon the matter of public concern." *Sullivan v. Ramirez*, 360 F.3d 692, 698 (7th Cir. 2004). The court must make the determination of whether speech addresses a matter of public concern "based on the content, form, and context of a given statement as revealed by the whole record." *Marshall v. Porter Cnty. Plan Comm'n*, 32 F.3d 1215, 1219 (7th Cir. 1994) (citation and quotation marks omitted).

Here Harris alleges that he was fired because he elected to have the disciplinary charges against him heard by an independent arbitrator pursuant to the collective bargaining agreement between Cicero and Harris's union, an action the complaint describes as "engaging in union activity." (Dkt. No. 10 ¶¶ 15, 62, 66.) Harris is correct that engaging in "union activity" can be speech on a matter of public concern. *Hanover Twp. Fed'n of Teachers, Local 1954 (AFL-CIO) v. Hanover Cmty. Sch. Corp.*, 457 F.2d 456, 460 (7th Cir. 1972). As the Seventh Circuit explained, "[i]t does not follow, however, that all activities of a union or its members are constitutionally protected." *Id.* Here, Harris's speech did not relate to the quintessential protected union activities, which are "advocacy and persuasion in organizing the union and enlarging its membership, and also in the expression of its views to employees and to the public." *Id.* Instead, it related only to his own private disciplinary dispute with the Town. The process for disciplining police officers is, of course, of some interest to the public in a broad sense. That does not mean, however, that Harris's speech about a single disciplinary process, related to himself personally and communicated only to an arbitrator, addresses a matter of public concern. *Marshall*, 32 F.3d at 1219 ("If the speech concerns a subject of public interest but the *expression* addresses only the personal effect upon the employee, then as a matter of law the speech is not of public concern."). Harris has not alleged facts

| STATEMENT |
|---|

indicating that his speech went beyond his own personal situation to address the discipline of police officers generally, or any other facts demonstrating that his speech was a matter of public concern. Accordingly, the court holds that Harris has not alleged that he was terminated for speech addressing a matter of public concern. If he can plead such facts, Harris may seek leave to file an amended complaint, but in the meantime Count IV is dismissed.

V.      Count V

Finally, the defendants allege that Harris's claim under the Illinois Public Labor Relations Act is preempted because the Act requires such claims to be brought before the Illinois Public Labor Relations Baord under 5 ILCS 315/11. The defendants' argument, to which Harris does not respond, is correct. *See Ryherd v. Gen. Cable Co.*, 530 N.E.2d 431, 434 (1988). Count V is dismissed.

*James F. Holderman*